FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 26 2019

JEFFREY P. COLWELL
CLERK

# UNITED STATES DISTRICT COURT
for the
District of Colorado

BY: JULIE KAYE EMBRY
IN BEHALF OF: BRUCE ALLEN DOUCETTE
IDENTIFICATION # 0000864076

PETITIONER

Case No. _____

v.

BARRY GOODRICH, WARDEN OF
CROWLEY COUNTY CORRECTIONAL
FACILITY, a.k.a. "CCCF"
OLNEY SPRINGS, COLORADO

RESPONDENT

MEMORANDUM IN SUPPORT
OF Original WRIT OF HABEAS
CORPUS (TITLE 28 USC 2241)

**MEMORANDUM**

Julie Kaye Embry, in behalf of BRUCE ALLEN DOUCETTE, is entitled, 28 USC 2241-2254, to petition this Court, in the furtherance of justice, for The Original Writ of Habeas Corpus on the grounds that BRUCE ALLEN DOUCETTE, hereinafter "Bruce", is being unlawfully detained in custody by Respondent in CCCF, address above, "pursuant to the judgment of a State Court in violation of The United States of America's Constitution and its laws and treaties. Title 28 USC 2254(a).

Being that the Constitutional violations are perpetrated by the State Court, it is evident that Petitioner must seek justice in this honorable District Court as the circumstances exist that render any process in a State Court ineffective to protect the Constitutional rights of Bruce. Title 28 USC 2254(b)(1)(B)(ii).

The adjudication of the State Court resulted in a decision that was contrary to clearly established Federal law determined by the Supreme Court, discussed later in this memorandum. Title 28 USC 2254(d)(1). A certified copy of the "indictment", "Motion For Advisory Counsel To Be Appointed" and a certified copy of the State Court's Order "Motion For Advisory Counsel To Be Appointed DENIED" are submitted into evidence, in/on/for the record, and attached to this memorandum clearly marked "Evidence 1", "Evidence 2" and "Evidence 3". Title 28 USC 2254(g).

## STATEMENT OF FACTS

1. On January 11, 2018, upon the request of Bruce Doucette, while detained, a "Motion for Advisory Counsel To Be Appointed" was offered to and accepted by the clerk who then filed the motion, see attached.

2. A copy of said motion was timely served upon Robert S. Shapiro, District Attorney. Shockingly on or about January 16, 2018, Robert S. Shapiro, Colorado Bar #26869, filed an objection to the, constitutionally guaranteed, Motion for Advisory Counsel To Be Appointed, weakly claiming that Bruce can not ask or authorize a friend to type a document for him (since Bruce was in chains a somebody had to help him for goodness sakes!), see attached.

3. On February 26, 2018 Michael Spear, District Judge, in contempt of justice, coerced and confounded Bruce in court, and then DENIED the constitutionally guaranteed Motion for Advisory Counsel To Be Appointed, see attached.

4. On February 27, 2018 the criminal trial by jury commenced without Bruce having assistance of counsel, thanks to the Court's violation of the Constitution.

5. The **unfair** jury trial concluded, to wit Bruce, naked of assistance of counsel, failed miserably to withstand the well-versed and well-seasoned District Attorney's blows, naturally in

a conviction. The Court might have just as well thrown Bruce into the lion's den, he never stood a chance; and, the Court and the District Attorney knew this would be the outcome if Bruce's motion for assistance of counsel was denied, a conspiracy if you ask me.

6.  Furthermore, Bruce was again naked of assistance of counsel in court for sentencing.

7.  Respondent is left holding the bag, guilty of unconstitutional imprisonment, as a result of the Court's unconstitutional denial of the "assistance of counsel". The Court's Constitutional violations have left Respondent holding the bag and in a very precarious position of <u>potential</u> criminal liability but <u>certain</u> commercial liability for a fact. (As a side note, Respondent should be informed, to be fair, that The Supreme Court has awarded as much as $1,086.00 PER MINUTE of unlawful incarceration……). The State Court has knowingly and willfully left Respondent open and subject to collateral attack.

8.  Although quite some time has passed since sentencing, and the appeal opportunity long gone, I, Petitioner filing in behalf of Bruce, began to research the Court's appalling denial of the assistance of counsel. It did not take me but a shallow dive into the research to find a lot of Supreme Court decisions proving exactly what my gut had told me…THIS IS VERY WRONG. As this Court well knows that the Supreme Court, who's decisions this Court is bound to, agrees with me and has made ruling after ruling that it IS IN FACT VERY WRONG for a Court to deny counsel because counsel is a Constitutional Right that **cannot be denied when jail time is a possibility**.

### SUPPORTING LAW - POINTS OF AUTHORITY

1.  The court cannot act in violation of an administrative constitutional or statutory limitations of its powers or it is in contempt of justice, administrative or otherwise. The trial

judge and court has a duty and responsibility to safeguard defendant's rights with great care. The right to counsel in a criminal proceeding is one of the most fundamental rights guaranteed by the U.S. Constitution and violations of this right creates the absolute necessity of reversal of a conviction. The sixth amendment states, "in all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defense."

2. The Supreme Court first ruled on the issue of indecent defense in Powell v. Alabama, 287 U.S. 45 (1932), which held, in part, that the state denied the defendants' due process rights by not providing access to counsel, despite the defendants' inability to pay legal fees. The U.S. Supreme Court applied the sixth amendment right to counsel to the states in Gideon v. Wainwright, 372 U.S. 335 (1963), although the decision only applied to felony cases. The Court later found a right to counsel in state juvenile criminal cases under In re Gault, 387 U.S. 1 (1967) and in state proceedings that risk "the actual deprivation of a person's liberty" under Argersinger v. Hamlin, 407 U.S. 25, 40 (1972). Since the Gideon decision, the Supreme Court has held that state courts must appoint counsel in misdemeanor cases that carry the possibility of substantial jail or prison sentences. This applies even when the defendants specific circumstances carry no actual risk of confinement, such as when a defendant was facing, at worst, a suspended sentence of more than one year, Alabama v. Shelton, 535 U.W. 654 (200).

3. The right to counsel applies to people in pre-trial matters "from the time of their arraignment until the beginning of their trial." Brewer v. Williams, 430 U.S. 387, 398 (1977). Once the defendant asserts the right to counsel no officer can continue without the presence of counsel. Messiah v. United States, 377 U.S. 201 (1964).

4.     The right to counsel has applied in federal prosecutions for most of the nation's history, but did not extend to all state-level felony cases until the U.S. Supreme Court decided Gideon v. Wainwright, 372 U.S. 335 (1963). The Court later expanded the right to counsel to state-level misdemeanor cases that carried a substantial risk of jail time, usually at least one year. The right to counsel is included in Miranda v. Arizona, 384 U.S. 436 (1966) and requires all officers to cease once a person has invoked the right to counsel and it holds that anything after is inadmissible in court.

5.     The California Legislature passed the Foltz Defender Bill in 1921 creating legislation that requires a defense "without expense to them, all persons who are not financially able to employ counsel and who are charged with the commission of any contempt, misdemeanor, felony or other offense".

8.     Deprivation of a defendant's right to counsel, or denial of a choice of attorney without good cause should result in the reversal of the defendant's conviction, according to the U.S. Supreme Court. United States v. Gonzalez-Lopez, 548 U.S. 140 (2006).

9.     The court and Michael Spear, hereinafter "Spear", in his fiduciary capacity, have committed anti-trust violations. Spear, because of the special legal relationship, is in breach of trust of his duty of care.

10.   Spear has taken an oath, evidence of an expressed trust, to uphold the Constitution Of The United States and the Constitution Of The State Of Colorado. Both constitutions guarantee the accused the right to the assistance of counsel. Spear must accord to every person who has a legal interest in a proceeding the right to be heard according to the law; the law here being the US Constitution and the State of Colorado's Constitution as well as the rules cited in the Motion for Advisory Counsel To Be Appointed. This is a willful and serious miscarriage of justice.

11.   Furthermore, Spear, an Administrator of Justice/agency, operating under the Administrative Procedure Act of 1946, Public Law 404-79th Congress, Chapter 324-2D Session S. 7, is in violation of section twelve of the APA which states, "Nothing in this Act shall be held to diminish the constitutional rights of any person or to limit or repeal additional requirements imposed by statute or otherwise recognized by law."

12.   The ABA Criminal Justice Standards Regarding Special Functions of the Trial Judge provide specific guidance about what it means to "administer justice" by stating the "trial judge has the responsibility for safeguarding both the rights of the accused and the interests of the public in the administration of criminal justice.", see STANDARDS FOR CRIMINAL JUSTICE: SPECIAL FUNCTIONS OF THE TRIAL JUDGE Standard 6-1.1(a) (AM BAR ASS'N 2000). SFCJ goes on to further explain, "The adversary nature of the proceedings does not relieve the trial judge of the obligation of raising on his or her initiative, at all appropriate times and in an appropriate manner, matters which may significantly promote a just determination of the trial."

13.     The responsibility of a trial judge is to safeguard the rights of the accused, and the SFCJ admonishes and inform trial judges that he or she has an affirmative obligation to see that justice is done. A trial judge "does not serve his purpose or function by being merely an umpire, a referee, a symbol, or an ornament", "Rather, legal discretion has been vested in the trial judge to do or cause to be done...all things reasonably necessary as the particular cause requires to promote the ends of justice", (A trial Judge's Credo Must Include His Affirmative Duty to Be An Instrumentality of Justice, 7 SANTA CLARA L. REV. 6, 7, 8, 9 (1966)). Effective legal assistance/representation is essential to a fair trial. The U.S. Supreme Court recognized that "in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." Gideon v Wainwright, 372 U.S. 335, 344 (1963). A judge who fails to ensure effective assistance of counsel is actually a negative actor working against the interest of justice and the rights of the accused.

14.     The right to the assistance of counsel is an unquestionable right per the sixth amendment of the US Constitution. Court appointed attorneys are required, when requested, "if jail time is possible" and the state has a disability to proceed when a conviction will result in jail time if the defendant has asserted his or her right to counsel and has been denied. By a trial judge denying the request for assistance of counsel that judge cannot give jail time as a part of the sentence or the judge commits a constitutional violation. The trial judge is tasked with the fundamental duty and responsibility of ensuring the integrity of the adversary trial system and the administration of justice; and, by Spear's denial of the Advisory Counsel he has brought the judicial office into disrepute.

## PRAYER FOR RELIEF

The imprisonment of BRUCE ALLEN DOUCETTE is illegal, unlawful and unconstitutional and for the good cause and Constitutional violations stated herein JULIE KAYE EMBRY, in behalf of BRUCE ALLEN DOUCETTE, hereby moves any Judge of any Court to forthwith award or grant this Writ of Habeas Corpus **or** to order Respondent to file a certified "return" within three days to show cause why the Writ of Habeas Corpus should not be granted; and, upon Respondent's return immediately set this matter for hearing, not more than five days after the return, to hear and determine the facts and dispose of the matter as law and justice requires, unless for good cause additional time is requested and granted; and, that additional time granted does not exceed twenty days. 28 USC 2243

Tender of Payment accepted for anticipated honest services and under seal contract established with an arbitration clause

Executed Honorably On: February 19, 2019

By: _____
JULIE KAYE EMBRY, Exe

**In Behalf of:**
BRUCE ALLEN DOUCETTE 0000864076
Crowley County Correctional Facility,
6564 Highway 96,
Olney Springs, CO 81062

(5 PAGES TOTAL)
SUBMITTED INTO EVIDENCE
MOTION FOR ADVISORY COUNSEL TO BE APPOINTED
**AS "EVIDENCE 1"**

| | COPY-CRIM |
|---|---|
| **DISTRICT COURT,** <br> **CITY AND COUNTY OF DENVER, COLORADO** <br> Court Address: 520 West Colfax, Room 135 <br> Denver, Colorado 80204 | 2018 JAN 11 PM 12: ⁓ |
| **Petitioner/Plaintiff:** <br> People of CO | |
| **Respondent/Co-Petitioner/Defendant:** <br> Bruce Doucette | ↑ **Court Use Only** ↑ |
| **Attorney or Party Without Attorney:** (name and address) <br> Bruce Doucette <br> **Phone number:** (720) 705-5942 <br> **Fax Number:** <br> **Email:** ShieldsK68@Yahoo.com <br> **Atty Reg #:** | **Case Number:** <br> 2017-CR-10089 <br> **Courtroom:** <br> 4G |
| Motion For Advisory Counsel To be Appointed | |

FOR PUBLICATION                                                    MAIL BOX RULE IN EFFECT

District Court, City and County of Denver Colorado
1437 Bannock Street
Denver Colorado

Lindsey-Flanigan Courthouse
520 W. Colfax Ave, Denver, CO 80204

THE PEOPLE OF THE STATE OF COLORADO,
                    Accusers

v.                                                                          **Immediate Disposition**
                                                   CRCrP Rule 121, Sec. 1-15(4)
                                    Motion for Advisory Counsel To Be Appointed

BRUCE DOUCETTE,                                                    Memorandum In Support Of
                Accused.

                                       GJ Case No.: 16CR001
                                       Case # 2017-CR-10089

## I.
## Motion for Advisory Counsel To Be Appointed

The accused certifies that this filing is timely. Immediate Disposition in accordance with Colorado Rules of Civil Procedure, Rule 121, Sec. 1-15(4); or an Expedited Hearing Requested in accordance with 40 CFR 164.121.

The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. [Davis v. Wechsler, 263 US 22, 24.]

Federal Law and Supreme Court Cases apply to State Court Cases. Howlett v. Rose, 496 U.S. 356 (1990)

The accused, having the right and desire to conduct his-own defense, requires assistance with legal research before trial and with issues that may occur during trial. The requested advisory counsel would aid the accused if and when the accused requests help.

The accused reserves and retains ultimate authority as to the presentation of the case. The accused reserves and retains ultimate control of the theory of the defense, pretrial motions, the actual presentation at trial as well as retains ultimate command of the case. At no time shall the advisory counsel have any decision-making authority with regard to the presentation of the case.

Motion For Advisory Counsel To Be Appointed                                                                 1

District Court, City and County of Denver Colorado
1437 Bannock Street
Denver Colorado

THE PEOPLE OF THE STATE OF COLORADO,
                Accusers

v.

BRUCE DOUCETTE,
                Accused.

Immediate Disposition
CRCrP Rule 121, Sec. 1-15(4)
Motion for Advisory Counsel To Be Appointed

GJ Case No.: 16CR001

## I.
### Motion for Advisory Counsel To Be Appointed

The accused certifies that this filing is timely. Immediate Disposition in accordance with Colorado Rules of Civil Procedure, Rule 121, Sec. 1-15(4); or an Expedited Hearing Requested in accordance with 40 CFR 164.121.

The accused, having the right and desire to conduct his-own defense, requires assistance with legal research before trial and with issues that may occur during trial. The requested advisory counsel would aid the accused if and when the accused requests help.

The accused reserves and retains ultimate authority as to the presentation of the case. The accused reserves and retains ultimate control the theory of the defense, pretrial motions, the actual presentation at trial as well as retains ultimate command of the case. At no time shall the advisory counsel have any decision-making authority with regard to the presentation of the case.

## II.
### Points and Authorities

"In all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defense." Article II, section 16 of The Constitution for The United States of America. The right to counsel is also acknowledged by state statute, Colorado Revised Statute 21-101 et seq. The discretion of the trial court to make such an appointment of advisory counsel is now well established, People v. Garcia, 64 P.3d 857 (Colo.App. 2002).

Although there is no federal or state constitutional right to advisory counsel it is the courts duty and obligation to provide the detained access to the court and the clerk. The accused is currently obstructed from accessing the court or the clerk and therefore cannot make timely filings of pretrial motions etc. The accused, being detained, is conveniently placed at a disadvantage, by this very court, which gives the advantage to the prosecutor.

Colorado Supreme Court discussed the power of the trial court to appoint advisory counsel. Reliford v. People, 579 P.2d 1145 (Colo.App. 1978).

The American Bar Association approves the authority to appoint advisory counsel. (ABA) Standards for Criminal Justice (Standards) 6-3.7 (2d ed 1980 & Supp. 1986).

In Reliford v. People the Standards recommend that a trial court should consider appointing advisory counsel whenever a defendant elects to proceed without an attorney, and should appoint advisory counsel whenever a case is complicated.

The authority of a trial court to appoint advisory counsel also stems from the inherent authority of the trial court to run trials in a manner that ensures the proceedings are fair.

It is the judge's duty to ensure that the case progresses in an orderly fashion. United States v. Mack, 362 F.3d 587 (9th Cir. 2004).

### III.
### Conclusion

The accused requested his constitutionally protected right to counsel by way of the court appointing advisory counsel which would facilitate the accused's right to access to the court and the clerk. In the alternative, the accused requires to be released immediately, on his honor, to allow him his legal and lawful due process and full and unfettered access to the court and the clerk.

Respectfully submitted,

_Signed Copy on file_
BRUCE DOUCETTE
By accommodation

With Clerk 1/11/2018 12:5 pm

Motion For Advisory Counsel To Be Appointed                                   2

# CERTIFICATE OF SERVICE

**Notice: notice to the agent is notice to the principle; notice to the principle is notice to the agent;**

I hereby certify that on the __11th__ day of __January__, 2018, I served __Robert Shapiro Motion for Advisory Counsel__ upon:

__1300 Broadway__            Case # __2017-CR-10089__
__10th floor__
__Denver, CO__
__80203__

by the following method or methods as indicated:

( ) by mailing to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the Post Office at Crane, Oregon State, on the date set forth above.

( ) by causing a true copy thereof to be hand delivered to said person(s) at the last known address for said person(s) as shown above, on the date set forth above.

(X) by mailing via certified mail, return receipt requested, to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the Post Office at __5753 S Prince St Littleton, CO__ on the date set forth above.

( ) by facsimile to said person(s) a true copy thereof at the facsimile number shown above, which is the last known facsimile number for said person(s) on the date set forth above. A copy of the confirmation report is attached hereto.

( ) by email to said person at above addresses.

__Kim Shields__ ( / /2018)

(1 PAGE TOTAL)
SUBMITTED INTO EVIDENCE
MOTION FOR ADVISORY COUNSEL TO BE APPOINTED DENIED
**AS "EVIDENCE 2"**

```
                         Print Minute Orders    2/15/19      9:33 AM
Status:  RSTD       MROG     CLSD     District Court, Denver County
Case #:  2017 CR 010089      Div/Room:  5A     Type: Bribery - Tampering
         The People of the State of Colorado vs. DOUCETTE, BRUCE A
```

| FILE DATE | EVENT/FILING/PROCEEDING |
|---|---|
| 2/26/2018 | Minute Order (print) |

JUDGE: MJS     CLERK:        REPORTER:
JUDGE MICHAEL SPEAR      CTR REPORTER #2909        JURY TRIAL.
APPEARS: DEF IN CUSTODY PRO SE, AG ROBERT SHAPIRO, AG COLLEEN WORT.
AGENT RYAN ENGLISH & INVESTIGATOR CHRIS BYRNE.
JURISDICTION IS ADDRESSED.
COURT FINDS IT HAS JURISDICTION.
DEF MOTION TO DISMISS IS DENIED BY THE COURT.
MOTION TO CONTINUE ADDRESSED.
COURT DENIES THE CONTINUANCE REQUEST.
MOTION TO COMPEL DENIED BY THE COURT.
MOTION TO APPOINT ADVISORY COUNSEL ADDRESSED.
COURT DENIES THE MOTION TO APPOINT ADVISORY COUNSEL.
THE COURTROOM IS CLEARED & THE JURORS COMPLETE THEIR QUESTIONNAIRES.
PRELIMINARY MATTERS ADDRESSED.
CASE PASSED UNTIL 12:45PM.
COURT REPORTER #41567
JURY SELECTION BEGINS.
ALTERNATE JURORS 13 & 14.
JURY IS SELECTED.
JURY GIVEN OATH OF OFFICE.
ADVISEMENT.
CASE CONCLUDED UNTIL TOMORROW.
/JAB                                                         /JAB

DISTRICT COURT
City & County of Denver, Colo.
Certified to be a full, true and correct
copy of the original in my custody

FEB 1 5 2019

CLERK OF THE DISTRICT COURT
By_____
      Deputy Clerk

PAGE    1

(1 PAGE TOTAL)
SUBMITTED INTO EVIDENCE
INDICTMENT
**AS "EVIDENCE 3"**

| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO | |
|---|---|
| 1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: April 3, 2017 10:34 AM |
| THE PEOPLE OF THE STATE OF COLORADO,<br><br>v.<br><br>BRUCE DOUCETTE,<br>STEPHEN NALTY,<br>JANIS BLEASE,<br>STEVEN BYFIELD,<br>LAURENCE GOODMAN,<br>DAVID COFFELT,<br>HARLAN SMITH,<br>and<br>BRIAN BAYLOG | |
| Defendants. | ▲ COURT USE ONLY ▲ |
| CYNTHIA H. COFFMAN, Attorney General<br>ROBERT S. SHAPIRO, First Assistant Attorney General<br>1300 Broadway, 9th Floor<br>Denver, CO 80203<br>720-508-6000<br>Registration Number: 26869 | Case No.:<br>GJ Case No.: 16CR001<br><br>Ctrm: 259 |

## COLORADO STATE GRAND JURY INDICTMENT

Of the 2016-2017 term of the Denver District Court in the year 2017; the 2016-2017 Colorado State Grand Jurors, chosen, selected and sworn in the name and by the authority of the People of the State of Colorado, upon their oaths, present the following:

COUNT 1    COCCA-Pattern of Racketeering- Participation in an Enterprise, §18-17-104(3), C.R.S. (F2) **37284**

COUNT 2    COCCA-Conspiracy, §18-17-104(4), C.R.S. (F2) **37285**

COUNT 3    Attempt to Influence a Public Servant, §18-8-306, C.R.S. (F4) **24051**

COUNT 4    Attempt to Influence a Public Servant, §18-8-306, C.R.S. (F4) **24051**

COUNT 5    Attempt to Influence a Public Servant, §18-8-306, C.R.S. (F4) **24051**

COUNT 6    Attempt to Influence a Public Servant, §18-8-306, C.R.S. (F4) **24051**

DISTRICT COURT
City & County of Denver, Colo.
Certified to be a full, true and correct
copy of the original in my custody.

NOV 2 9 2017

CLERK OF THE DISTRICT COURT
By _____
Deputy Clerk

# CERTIFICATE OF SERVICE

**Notice: notice to the agent is notice to the principle; notice to the principle is notice to the agent;**

I hereby certify that on the _____20TH_____ day of ____FEBRUARY____, 2019, I served PETITION FOR WRIT OF HABEAS CORPUS AND SUPPORTING MEMORANDUM AND SUBMITTED EVIDENCE upon:

_____ BARRY GOODRICH _____            _____

_____WARDEN OF CCCF_____             _____

_____6564 HIGHWAY 96_____             _____

_____OLNEY SPRINGS, CO 81062_____            _____

by the following method or methods as indicated:

( )   by mailing to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the Post Office at Crane, Oregon State, on the date set forth above.

( )   by causing a true copy thereof to be hand delivered to said person(s) at the last known address for said person(s) as shown above, on the date set forth above.

( X )   by mailing via certified mail, return receipt requested, to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the Post Office at Crane, Oregon State, on the date set forth above.

( )   by facsimile to said person(s) a true copy thereof at the facsimile number shown above, which is the last known facsimile number for said person(s) on the date set forth above. A copy of the confirmation report is attached hereto.

( )   by email to said person at above addresses.

*[Signature]* (2018)