**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00566-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.   Failure to include this number may result in a delay in the consideration of your claims.**)

BRUCE ALLEN DOUCETTE, by and through Julie Kaye Embry,

    Applicant,

v.

BARRY GOODRICH, Warden,

    Respondent.

---

## ORDER TO CURE DEFICIENCIES

---

Bruce Allen Doucette is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.   Julie Kaye Embry "in behalf of" Applicant has filed *pro se* a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and paid the filing fee (ECF No. 1)[1].   In the Petition, Ms. Embry alleges Applicant was denied the assistance of counsel during his state court criminal proceeding.   (ECF No. 1 at 6).   Ms. Embry asserts Applicant's imprisonment "is illegal, unlawful and unconstitutional."   (*Id.* at 8). There is no indication that Ms. Embry is an attorney admitted to practice in this District.

Ms. Embry may not allege claims on behalf of Applicant because a *pro se* litigant may not represent another *pro se* litigant in federal court.   28 U.S.C. § 1654 (a *pro se* litigant may not represent another *pro se* litigant in federal court); *see also Fymbo v.*

---

[1] "(ECF No. 1)" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic filing system (CM/ECF).   The court uses this convention throughout its orders.

*State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") (citing 28 U.S.C. § 1654).   Applicant may only represent himself and must sign his own filings individually as required by Rule 11 of the Federal Rules of Civil Procedure.   *Sieverding v. Colorado Bar Ass'n.*, 237 F. App'x 355, 358 (10th Cir. 2007) ("Parties who file lawsuits on a pro se basis must comply with the provisions of Rule 11."); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (pro se litigants "must follow the same rules of procedure that govern other litigants").

Thus, if Applicant wishes to pursue any claims on his own behalf, he must cure the deficiencies identified below.   Any papers filed in response to this order must be labeled with the civil action number identified on this order.

**Complaint, Petition or Application**:
(11) ___   is not submitted
(12) _X_   is not on proper form
(13) _X_   is missing an original signature by the prisoner
(14) ___   is missing page nos. ___
(15) ___   uses et al. instead of listing all parties in caption
(16) ___   names in caption do not match names in text
(17) ___   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) _X_   other: it appears that Applicant challenges the validity of his conviction, therefore he must file a § 2254 Application on the current Court-approved form, *see McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence.").

Accordingly, it is

ORDERED that Applicant cure the deficiencies designated above **within thirty (30) days from the date of this order** if he wishes to pursue any claims on his own

behalf in this action.   Any papers that Applicant files in response to this order must be labeled with the civil action number identified on this order.   It is

FURTHER ORDERED that Applicant shall obtain and utilize the current court-approved for Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Applicant fails to cure all of the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.   The dismissal shall be without prejudice.   It is

FURTHER ORDERED that the Clerk of Court is directed to mail a copy of this Order to Applicant at the address on the docket and to Ms. Embry, at her address noted at ECF No. 1 at 8.

DATED February 28, 2019, at Denver, Colorado.

BY THE COURT:

 s/ Gordon P. Gallagher
United States Magistrate Judge