# UNITED STATES DISTRICT COURT
for the
District of Colorado

BRUCE ALLEN DOUCETTE

        PETITIONER

Case No. 19-cv-00566-GPG

v.

BARRY GOODRICH, WARDEN OF
CROWLEY COUNTY CORRECTIONAL
FACILITY, a.k.a. "CCCF"
OLNEY SPRINGS, COLORADO

        RESPONDENT

**1ST AMENDED MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS**
(response to ECF #3 ORDER TO CURE)

By ORDER of the Court, and FRCvP Rule 15, this 1st Amended Memorandum In Support of Writ of Habeas Corpus is filed to correct the mistakes of the original filing which had errors which lead to the confusion of whether this Habeas was a petition under Title 28 U.S.C. 2241 or Title 28 U.S.C. 2255. See "Response to Court Order ECF #3 Regarding Order to Refile Case As A Section 2255" filed separately. Petitioners errors in the original stand corrected by this filing of 1st Amended Memorandum In Support of Writ of Habeas Corpus. Petitioner seeks forgiveness for the errors and prays the Court will now proceed effectively under Title 28 U.S.C. 2241 without further or unnecessary delay or confusion inadvertently caused by the mistakes in original filing.

**MEMORANDUM**

COMES NOW, Petitioner, ~~by and through "next friend"~~ BD, and files this 1st Amended Memorandum In Support of Writ of Habeas Corpus and shows this Honorable Court the following:

1ST AMENDED MEMORANDUM IN SUOPPORT OF WRIT OF HABEAS CORPUS    1 of 8

Petitioner is entitled, 28 USC 2241, to petition this Court, in the furtherance of justice, for The Original Writ of Habeas Corpus on the grounds that BRUCE ALLEN DOUCETTE, hereinafter "Bruce", is being unlawfully detained "in custody in violation of the Constitution or laws or treaties of the United States" see Title 28 U.S.C. 2241(c)(3)" and "in custody under the judgment and sentence of a State court" see Title 28 U.S.C. 2241(d), by Respondent in CCCF, address above.

Being that the Constitutional violations are perpetrated by the State Court, it is evident that Petitioner must seek justice in this honorable District Court as the circumstances exist that render any process in a State Court ineffective to protect the Constitutional rights of Bruce.

The adjudication of the State Court resulted in a decision that was contrary to clearly established Federal law determined by the Supreme Court, discussed later in this memorandum, under Points and Authorities. A certified copy of the "indictment", "Motion For Advisory Counsel To Be Appointed" and a certified copy of the State Court's Order "Motion For Advisory Counsel To Be Appointed DENIED" are submitted into evidence, in/on/for the record, and attached to the original memorandum and clearly marked "Evidence 1", "Evidence 2" and "Evidence 3".

## STATEMENT OF FACTS

1. On January 11, 2018, upon the request of Bruce Doucette, while detained, a "Motion for Advisory Counsel To Be Appointed" was offered to and accepted by the clerk who then filed the motion, see attached.

2. A copy of said motion was timely served upon Robert S. Shapiro, District Attorney. Shockingly on or about January 16, 2018, Robert S. Shapiro, Colorado Bar #26869, filed an objection to the, constitutionally guaranteed, Motion for Advisory Counsel To Be Appointed,

weakly claiming that Bruce can not ask or authorize a friend to type a document for him (since Bruce was in chains a somebody had to help him for goodness sakes!), see attached.

3.   **CLAIM I**   On February 26, 2018 Michael Spear, District Judge, in contempt of justice, DENIED the Motion for Advisory Counsel To Be Appointed, see attached.

4.   **CLAIM II**   Voir dire commenced without Bruce having assistance of counsel.

4.   **CLAIM III**   On February 27, 2018 the criminal trial by jury commenced without Bruce having assistance of counsel.

5.   The **unfair** jury trial concluded, to wit Bruce, naked of assistance of counsel, failed miserably to withstand the well-versed and well-seasoned District Attorney's blows, naturally in a conviction. The Court might have just as well thrown Bruce into the lion's den, he never stood a chance; and, the Court and the District Attorney knew this would be the outcome if Bruce's motion for assistance of counsel was denied.

6.   **CLAIM IV**   Furthermore, Bruce was again naked of assistance of counsel in court for sentencing.

7.   Respondent is left holding the bag, guilty of unconstitutional imprisonment, as a result of the Court's unconstitutional denial of the "assistance of counsel". The Court's Constitutional violations have left Respondent holding the bag and in a very precarious position of <u>potential</u> criminal liability but <u>certain</u> commercial liability for a fact. (As a side note, Respondent should be informed, to be fair, that The Supreme Court has awarded as much as $1,086.00 PER MINUTE of unlawful incarceration……). The State Court has knowingly and willfully left Respondent open and subject to collateral attack.

8.   Although quite some time has passed since sentencing, and the appeal opportunity long gone, Petitioner began to research the Court's appalling denial of the assistance of counsel. It

did not take but a shallow dive into the research to find a lot of Supreme Court decisions proving THIS IS VERY UNCONSTITUTIONAL. As this Court well knows that the Supreme Court, who's decisions this Court is bound to, agrees and has made ruling after ruling that it IS IN FACT VERY UNCONSTITUTIONAL for a Court to deny counsel because counsel is a Constitutional Right that **cannot be denied when jail time is a possibility**.

## SUPPORTING LAW - POINTS OF AUTHORITY

1. The court cannot act in violation of an administrative constitutional or statutory limitations of its powers or it is in contempt of justice, administrative or otherwise. The trial judge and court has a duty and responsibility to safeguard defendant's rights with great care. The right to counsel in a criminal proceeding is one of the most fundamental rights guaranteed by the U.S. Constitution and violations of this right creates the absolute necessity of reversal of a conviction. The sixth amendment states, "in all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defense."

2. The Supreme Court first ruled on the issue of indecent defense in *Powell v. Alabama, 287 U.S. 45 (1932)*, which held, in part, that the state denied the defendants' due process rights by not providing access to counsel, despite the defendants' inability to pay legal fees. The U.S. Supreme Court applied the sixth amendment right to counsel to the states in *Gideon v. Wainwright, 372 U.S. 335 (1963)*, although the decision only applied to felony cases. The Court later found a right to counsel in state juvenile criminal cases under *In re Gault, 387 U.S. 1 (1967)* and in state proceedings that risk "the actual deprivation of a person's liberty" under *Argersinger v. Hamlin, 407 U.S. 25, 40 (1972)*. Since the Gideon decision, the Supreme Court has held that state courts must appoint counsel in misdemeanor cases that carry the possibility of substantial jail or prison sentences. This applies even when the defendants specific

circumstances carry no actual risk of confinement, such as when a defendant was facing, at worst, a suspended sentence of more than one year, *Alabama v. Shelton, 535 U.W. 654 (200).*

3. The right to counsel applies to people in pre-trial matters "from the time of their arraignment until the beginning of their trial." *Brewer v. Williams, 430 U.S. 387, 398 (1977).* Once the defendant asserts the right to counsel no officer can continue without the presence of counsel. *Messiah v. United States, 377 U.S. 201 (1964).*

4. The right to counsel has applied in federal prosecutions for most of the nation's history, but did not extend to all state-level felony cases until the U.S. Supreme Court decided *Gideon v. Wainwright, 372 U.S. 335 (1963).* The Court later expanded the right to counsel to state-level misdemeanor cases that carried a substantial risk of jail time, usually at least one year. The right to counsel is included in *Miranda v. Arizona, 384 U.S. 436 (1966)* and requires all officers to cease once a person has invoked the right to counsel and it holds that anything after is inadmissible in court.

5. The California Legislature passed the Foltz Defender Bill in 1921 creating legislation that requires a defense "without expense to them, all persons who are not financially able to employ counsel and who are charged with the commission of any contempt, misdemeanor, felony or other offense".

8. Deprivation of a defendant's right to counsel, or denial of a choice of attorney without good cause should result in the reversal of the defendant's conviction, according to the U.S. Supreme Court. *United States v. Gonzalez-Lopez, 548 U.S. 140 (2006).*

9. The court and Michael Spear, hereinafter "Spear", in his fiduciary capacity, have committed anti-trust violations. Spear, because of the special legal relationship, is in breach of trust of his duty of care.

10. Spear has taken an oath, evidence of an expressed trust, to uphold the Constitution Of The United States and the Constitution Of The State Of Colorado. Both constitutions guarantee the accused the right to the assistance of counsel. Spear must accord to every person who has a legal interest in a proceeding the right to be heard according to the law; the law here being the US Constitution and the State of Colorado's Constitution as well as the rules cited in the Motion for Advisory Counsel To Be Appointed. This is a willful and serious miscarriage of justice.

11. Furthermore, Spear, an Administrator of Justice/agency, operating under the Administrative Procedure Act of 1946, Public Law 404-79[th] Congress, Chapter 324-2D Session S. 7, is in violation of section twelve of the APA which states, "Nothing in this Act shall be held to diminish the constitutional rights of any person or to limit or repeal additional requirements imposed by statute or otherwise recognized by law."

12. The ABA Criminal Justice Standards Regarding Special Functions of the Trial Judge provide specific guidance about what it means to "administer justice" by stating the "trial judge has the responsibility for safeguarding both the rights of the accused and the interests of the public in the administration of criminal justice.", see STANDARDS FOR CRIMINAL JUSTICE: SPECIAL FUNCTIONS OF THE TRIAL JUDGE Standard 6-1.1(a) (AM BAR ASS'N 2000). SFCJ goes on to further explain, "The adversary nature of the proceedings does not relieve the trial judge of the obligation of raising on his or her initiative, at all appropriate times and in an appropriate manner, matters which may significantly promote a just determination of the trial."

13. The responsibility of a trial judge is to safeguard the rights of the accused, and the SFCJ admonishes and inform trial judges that he or she has an affirmative obligation to see that justice is done. A trial judge "does not serve his purpose or function by being merely an umpire, a

referee, a symbol, or an ornament", "Rather, legal discretion has been vested in the trial judge to do or cause to be done…all things reasonably necessary as the particular cause requires to promote the ends of justice", (A trial Judge's Credo Must Include His Affirmative Duty to Be An Instrumentality of Justice, 7 SANTA CLARA L. REV. 6, 7, 8, 9 (1966)). Effective legal assistance/representation is essential to a fair trial. The U.S. Supreme Court recognized that "in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." *Gideon v Wainwright, 372 U.S. 335, 344 (1963)*. A judge who fails to ensure effective assistance of counsel is actually a negative actor working against the interest of justice and the rights of the accused.

14. The right to the assistance of counsel is an unquestionable right per the sixth amendment of the US Constitution. Court appointed attorneys are required, when requested, "if jail time is possible" and the state has a disability to proceed when a conviction will result in jail time if the defendant has asserted his or her right to counsel and has been denied. By a trial judge denying the request for assistance of counsel that judge cannot give jail time as a part of the sentence or the judge commits a constitutional violation. The trial judge is tasked with the fundamental duty and responsibility of ensuring the integrity of the adversary trial system and the administration of justice; and, by Spear's denial of the Advisory Counsel he has brought the judicial office into disrepute.

## PRAYER FOR RELIEF

The imprisonment of BRUCE ALLEN DOUCETTE is illegal, unlawful, unconscionable and unconstitutional and for the good cause and Constitutional violations stated herein Petitioner moves any Judge of any Court to forthwith award or grant this Writ of Habeas Corpus **or** to order Respondent to file a certified "return" within three days to show cause why the Writ of

Habeas Corpus should not be granted; and, upon Respondent's return immediately set this matter for hearing, not more than five days after the return, to hear and determine the facts and dispose of the matter as law and justice requires, unless for good cause additional time is requested and granted; and, that additional time granted does not exceed twenty days *see Title 28 U.S.C. 2243*.

Tender of Payment accepted for anticipated honest services and under seal contract established with an arbitration clause

Executed Honorably On:   March 24, 2019.

BY: *[signature]*

**Bruce Doucette,**   *15 USC 7001(a)(1-2)*
BRUCE ALLEN DOUCETTE 180736
Crowley County Correctional Facility,
6564 Highway 96,
Olney Springs, CO 81062

# UNITED STATES DISTRICT COURT
for the
District of Colorado

BRUCE ALLEN DOUCETTE

        PETITIONER

Case No. 19-cv-00566-GPG

v.

BARRY GOODRICH, WARDEN OF
CROWLEY COUNTY CORRECTIONAL
FACILITY, a.k.a. "CCCF"
OLNEY SPRINGS, COLORADO

**PETITION FOR WRIT OF HABEAS CORPUS**

        RESPONDENT

### PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW, Petitioner, ~~by and through "next friend"~~ AD, and files this Petition for Writ of Habeas Corpus. In support of the Original Petition For Habeas, Petitioner shows this Honorable Court the following:

I.

Respondent is BARRY GOODRICH, Warden of Crowley County Correctional Facility, and is subject to the jurisdiction of the Court.

II.

Petitioner is BRUCE ALLEN DOUCETTE, and is incompetent to appear in Court without assistance of counsel.

III.

Next Friend for BRUCE ALLEN DOUCETTE is JULIE KAYE EMBRY who appears in this Honorable Court as a legally competent "person" whose interest do not run counter to those of BRUCE ALLEN DOUCETTE, on whose behalf EMBRY is acting. EMBRY is not a party to

PETITION FOR WRIT OF HABEAS CORPUS         1

the proceeding, nor a formally-appointed guardian; rather, can be considered as the agent whose role is to protect the rights of the incompetent person, BRUCE ALLEN DOUCETTE, up to the point that an evidentiary hearing can be scheduled and this Honorable Court can grant an AO 240, attached hereto for the appropriate time, to Plaintiff.

IV.

The date of the rendition of the final judgment complained of was on or about May 23, 2018, and on or about June 21, 2018 the sentence was imposed upon Petitioner after such conviction by jury trial and "Honorable" Michael J. Spear in a State court.

V.

Said sentence was thirty-eight (38) years.

VI.

Petitioner is currently being detained by Respondent at Crowley County Correctional Facility, 6564 Highway 96, Olney Springs, CO 81062, registration number 0000864076, in violation of the Constitutions for Colorado and United States and Supreme Court Rulings.

VII.

The sentencing resulted from a proceeding, in which there was a substantial denial of Petitioner's rights to counsel and to due process, in that Petitioner's request for assistance of counsel was denied by the Court. Petitioner was barred by the Court from relying on assistance of counsel and the outcome of the jeopardy Petitioner had been placed in may have been very different had Petitioner been properly advised by counsel.

VIII.

In support of this petition, enclosed is a copy of the Court's ORDER DENYING ASSISTANCE OF COUNSEL to the Petitioner, imposed upon Petitioner's person, attached to ECF 1, fully incorporated herein, as "Evidence 2".

IX.

**WHEREFORE,**

For the reasons enumerated above Petitioner prays for the following relief:

That this Honorable Court GRANT Petitioner's Writ of Habeas Corpus, thus, vacating Petitioner's sentence, for the offenses charged to be null and void *ab initio*, and thus, avoid a miscarriage of justice.

That this Honorable Court issue to Plaintiff a Certificate of Appeal-ability if this Writ of Habeas Corpus is dismissed or is not granted.

Executed Honorably On: March 24, 2019.

BY: *[signature]*

**Bruce Doucette,** *15 USC 7001(a)(1-2)*
BRUCE ALLEN DOUCETTE 180736
Crowley County Correctional Facility,
6564 Highway 96,
Olney Springs, CO 81062

PETITION FOR WRIT OF HABEAS CORPUS 3