| | |
|---|---|
| **DISTRICT COURT,** <br> **CITY AND COUNTY OF DENVER, COLORADO** <br> Court Address: 520 West Colfax, Room 135 <br> Denver, Colorado 80204 | COPY-CRIM <br><br> 2018 JAN 11  PM 12: ~~ |
| **Petitioner/Plaintiff:** <br> People of CO | |
| **Respondent/Co-Petitioner/Defendant:** <br> Bruce Doucette | ↑ **Court Use Only** ↑ |
| Attorney or Party Without Attorney: (name and address) <br> Bruce Doucette <br> Phone number: (720) 705-5942 <br> Fax Number: <br> Email: Shieldsk68@Yahoo.com <br> Atty Reg #: | **Case Number:** <br> 2017-CR-10089 <br> **Courtroom:** <br> 4G |
| Motion For Advisory Counsel To be Appointed | |

EVIDENCE
1

5 PAGES TOTAL

FOR PUBLICATION

MAIL BOX RULE IN EFFECT

2019 JAN 11 PM 12: ~

District Court, City and County of Denver Colorado
1437 Bannock Street
Denver Colorado

Lindsey-Flanigan Courthouse
520 W. Colfax Ave, Denver, CO 80204

THE PEOPLE OF THE STATE OF COLORADO,
                     Accusers

v.

BRUCE DOUCETTE,
               Accused.

**Immediate Disposition**
CRCrP Rule 121, Sec. 1-15(4)
Motion for Advisory Counsel To Be Appointed

Memorandum In Support Of

GJ Case No.: 16CR001
Case # 2017-CR-10089

I.
**Motion for Advisory Counsel To Be Appointed**

The accused certifies that this filing is timely. Immediate Disposition in accordance with Colorado Rules of Civil Procedure, Rule 121, Sec. 1-15(4); or an Expedited Hearing Requested in accordance with 40 CFR 164.121.

The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. [Davis v. Wechsler, 263 US 22, 24.]

Federal Law and Supreme Court Cases apply to State Court Cases. Howlett v. Rose, 496 U.S. 356 (1990)

The accused, having the right and desire to conduct his-own defense, requires assistance with legal research before trial and with issues that may occur during trial. The requested advisory counsel would aid the accused if and when the accused requests help.

The accused reserves and retains ultimate authority as to the presentation of the case. The accused reserves and retains ultimate control of the theory of the defense, pretrial motions, the actual presentation at trial as well as retains ultimate command of the case. At no time shall the advisory counsel have any decision-making authority with regard to the presentation of the case.

Motion For Advisory Counsel To Be Appointed                                                                 1

**District Court, City and County of Denver Colorado**
**1437 Bannock Street**
**Denver Colorado**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF COLORADO,<br>Accusers<br><br>v.<br><br>BRUCE DOUCETTE,<br>Accused. | **Immediate Disposition**<br>CRCrP Rule 121, Sec. 1-15(4)<br>Motion for Advisory Counsel To Be Appointed<br><br>GJ Case No.: 16CR001 |

### I.
### Motion for Advisory Counsel To Be Appointed

The accused certifies that this filing is timely. Immediate Disposition in accordance with Colorado Rules of Civil Procedure, Rule 121, Sec. 1-15(4); or an Expedited Hearing Requested in accordance with 40 CFR 164.121.

The accused, having the right and desire to conduct his-own defense, requires assistance with legal research before trial and with issues that may occur during trial. The requested advisory counsel would aid the accused if and when the accused requests help.

The accused reserves and retains ultimate authority as to the presentation of the case. The accused reserves and retains ultimate control the theory of the defense, pretrial motions, the actual presentation at trial as well as retains ultimate command of the case. At no time shall the advisory counsel have any decision-making authority with regard to the presentation of the case.

### II.
### Points and Authorities

"In all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defense." Article II, section 16 of The Constitution for The United States of America. The right to counsel is also acknowledged by state statute, Colorado Revised Statute 21-101 et seq. The discretion of the trial court to make such an appointment of advisory counsel is now well established, People v. Garcia, 64 P.3d 857 (Colo.App. 2002).

Although there is no federal or state constitutional right to advisory counsel it is the courts duty and obligation to provide the detained access to the court and the clerk. The accused is currently obstructed from accessing the court or the clerk and therefore cannot make timely filings of pretrial motions etc. The accused, being detained, is conveniently placed at a disadvantage, by this very court, which gives the advantage to the prosecutor.

Colorado Supreme Court discussed the power of the trial court to appoint advisory counsel. Reliford v. People, 579 P.2d 1145 (Colo.App. 1978).

The American Bar Association approves the authority to appoint advisory counsel. (ABA) Standards for Criminal Justice (Standards) 6-3.7 (2d ed 1980 & Supp. 1986).

In Reliford v. People the Standards recommend that a trial court should consider appointing advisory counsel whenever a defendant elects to proceed without an attorney, and should appoint advisory counsel whenever a case is complicated.

The authority of a trial court to appoint advisory counsel also stems from the inherent authority of the trial court to run trials in a manner that ensures the proceedings are fair.

It is the judge's duty to ensure that the case progresses in an orderly fashion. United States v. Mack, 362 F.3d 587 (9th Cir. 2004).

### III.
### Conclusion

The accused requested his constitutionally protected right to counsel by way of the court appointing advisory counsel which would facilitate the accused's right to access to the court and the clerk. In the alternative, the accused requires to be released immediately, on his honor, to allow him his legal and lawful due process and full and unfettered access to the court and the clerk.

Respectfully submitted,

_____
BRUCE DOUCETTE
By accommodation

Motion For Advisory Counsel To Be Appointed                2

## CERTIFICATE OF SERVICE

**Notice: notice to the agent is notice to the principle; notice to the principle is notice to the agent;**

I hereby certify that on the __11th__ day of __January__, 2018, I served __Robert Shapiro__ __Motion for Advisory Counsel__ upon:

__1300 Broadway__
__10th floor__
__Denver, CO__
__80203__

Case # __2017-CR-10089__

by the following method or methods as indicated:

( )  by mailing to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the Post Office at Crane, Oregon State, on the date set forth above.

( )  by causing a true copy thereof to be hand delivered to said person(s) at the last known address for said person(s) as shown above, on the date set forth above.

(X) by mailing via certified mail, return receipt requested, to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the Post Office at __5753 S Prince St Littleton, CO__ on the date set forth above.

( )  by facsimile to said person(s) a true copy thereof at the facsimile number shown above, which is the last known facsimile number for said person(s) on the date set forth above. A copy of the confirmation report is attached hereto.

( )  by email to said person at above addresses.

__Kim Shields__ ( / /2018)

```
                                                  RID:D0162017CR010089-000155

                       Print Minute Orders     2/15/19        9:33 AM
Status:  RSTD       MROG    CLSD     District Court, Denver County
Case #:  2017 CR 010089     Div/Room:  5A      Type: Bribery - Tampering
         The People of the State of Colorado vs. DOUCETTE, BRUCE A

    FILE DATE        EVENT/FILING/PROCEEDING
     2/26/2018       Minute Order (print)
JUDGE:  MJS        CLERK:           REPORTER:
JUDGE MICHAEL SPEAR       CTR REPORTER #2909            JURY TRIAL.
APPEARS: DEF IN CUSTODY PRO SE, AG ROBERT SHAPIRO, AG COLLEEN WORT.
 AGENT RYAN ENGLISH & INVESTIGATOR CHRIS BYRNE.
JURISDICTION IS ADDRESSED.
COURT FINDS IT HAS JURISDICTION.
DEF MOTION TO DISMISS IS DENIED BY THE COURT.
MOTION TO CONTINUE ADDRESSED.
COURT DENIES THE CONTINUANCE REQUEST.
MOTION TO COMPEL DENIED BY THE COURT.
MOTION TO APPOINT ADVISORY COUNSEL ADDRESSED.
COURT DENIES THE MOTION TO APPOINT ADVISORY COUNSEL.
THE COURTROOM IS CLEARED & THE JURORS COMPLETE THEIR QUESTIONNAIRES.
PRELIMINARY MATTERS ADDRESSED.
CASE PASSED UNTIL 12:45PM.
COURT REPORTER #41567
JURY SELECTION BEGINS.
ALTERNATE JURORS 13 & 14.
JURY IS SELECTED.
JURY GIVEN OATH OF OFFICE.
ADVISEMENT.
CASE CONCLUDED UNTIL TOMORROW.
/JAB                                                             /JAB
```

DISTRICT COURT
City & County of Denver, Colo.
Certified to be a full, true and correct
copy of the original in my custody.

FEB 1 5 2019

CLERK OF THE DISTRICT COURT
By: Deborah K Trumble-Herrera
Deputy Clerk

EVIDENCE
2

1 PAGE

| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO | |
|---|---|
| 1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: April 3, 2017 10:34 AM |
| THE PEOPLE OF THE STATE OF COLORADO,<br><br>v.<br><br>BRUCE DOUCETTE,<br>STEPHEN NALTY,<br>JANIS BLEASE,<br>STEVEN BYFIELD,<br>LAURENCE GOODMAN,<br>DAVID COFFELT,<br>HARLAN SMITH,<br>and<br>BRIAN BAYLOG<br><br>Defendants. | EVIDENCE<br>3<br>INDICTMENT<br>40 PAGES<br><br>▲ COURT USE ONLY ▲ |
| CYNTHIA H. COFFMAN, Attorney General<br>ROBERT S. SHAPIRO, First Assistant Attorney General<br>1300 Broadway, 9th Floor<br>Denver, CO 80203<br>720-508-6000<br>Registration Number: 26869 | Case No.:<br>GJ Case No.: 16CR001<br><br>Ctrm: 259 |
| **COLORADO STATE GRAND JURY INDICTMENT** | |

Of the 2016-2017 term of the Denver District Court in the year 2017; the 2016-2017 Colorado State Grand Jurors, chosen, selected and sworn in the name and by the authority of the People of the State of Colorado, upon their oaths, present the following:

COUNT 1    COCCA-Pattern of Racketeering- Participation in an Enterprise, §18-17-104(3), C.R.S. (F2) **37284**

COUNT 2    COCCA-Conspiracy, §18-17-104(4), C.R.S. (F2) **37285**

COUNT 3    Attempt to Influence a Public Servant, §18-8-306, C.R.S. (F4) **24051**

COUNT 4    Attempt to Influence a Public Servant, §18-8-306, C.R.S. (F4) **24051**

COUNT 5    Attempt to Influence a Public Servant, §18-8-306, C.R.S. (F4) **24051**

COUNT 6    Attempt to Influence a Public Servant, §18-8-306, C.R.S. (F4) **24051**

DISTRICT COURT
City & County of Denver, Colo.
Certified to be a full, true and correct copy of the original in my custody.

NOV 2 9 2017

CLERK OF THE DISTRICT COURT
By_____
Deputy Clerk