FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
APR 11 2019
JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT
for the
District of Colorado

BRUCE ALLEN DOUCETTE

PETITIONER

Case No. 19-cv-00566-GPG

v.

BARRY GOODRICH, WARDEN OF
CROWLEY COUNTY CORRECTIONAL
FACILITY, a.k.a. "CCCF"
OLNEY SPRINGS, COLORADO

RESPONDENT

**RESPONSE TO COURT ORDER**

**ECF #3 REGARDING ORDER TO REFILE CASE AS A SECTION 2255**

COMES NOW, Petitioner, ~~by and through "next friend"~~ BD, and files this brief in support of the Petition for Writ of Habeas Corpus and shows this Honorable Court the following:

**I.
BACKGROUND OF 28 USC 2241 and 2255**

**WHEREFORE,**

In 1867, Congress enacted Title 28 U.S.C. section 2241, Habeas Corpus Act Ch. 28, 14 Stat. 385, that extended the writ to prisoners convicted by a state or federal court. A section 2241 application or petition requires a prisoner to file in the district wherein he/she is being detained. *See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); Nicholas Mattteson, Note, Feeling Inadequate?: The Struggle to Define the Savings Clause in 28 USC 2255, 54 B.C. L. Rev. 353, 358-59 (2011)* (observing that the 1867 act "resulted in habeas petitions disproportionately clogging the dockets of those federal courts" because it required prisoners to

*file habeas petitions in the district where they are confined and allowed state prisoners to file habeas petition); see also In re Davenport, 147 F.3d 605, 608-09 (7th Cir. 1998).*

Historically, federal prisoners who wanted to mount a collateral attack on their convictions or sentences had to file a petition for habeas corpus in the district court for the district in which they were imprisoned, *see Title 28 U.S.C. 2241*. Since federal prisons were concentrated in a few districts, and the district judges in these districts were flooded with petitions, section 2254 was enacted to change the venue of post-conviction proceedings brought by **federal** prisoners from the district of incarceration to the district in which the prisoner had been sentenced, *see United States v. Hayman, 342, U.S. 205, 212-19 (1952)*.

Out of concern that the backlog may be construed as an unconstitutional suspension of the Habeas, Congress responded by creating Title 28 U.S.C. section 2255 which allowed **federal** prisoners to apply for a habeas in the District where they were sentenced; thereby, relieving the overwhelming number of pending habeas in certain Districts and spreading out the burden. Consequently, 2255 departs from 2241 in that **federal** inmates must bring 2255 motions in the district court that initially sentenced them rather than in the district where they are imprisoned *see Matteson, supra note 64, at 359 (stating that 2255 is a procedure created for federal prisoners); see also 28 U.S.C. 2255 entitled "Federal Custody"; and, 28 U.S.C. 2241(d) (referring to a habeas petition "made by a person in custody under the judgment and sentence of a State court").*

Congress passed 2255, the federal prisoner's habeas corpus substitute *see In re Davenport supra 147 F.3d 605 (7th Cir. 1998)*, to address venue difficulties in habeas proceedings, not to change the scope of prisoners' rights in seeking collateral relief, *see Prost v. Anderson, 636 F.3d 587-88 (10th Cir. 2011)*. **Federal** prisoners may also file a motion to

"vacate, set aside or correct [a] sentence under 28 U.S.C. 2255. This provision does not apply to inmates in state custody, who instead must avail themselves of traditional 2241 habeas petitions, *Matteson, supra note 64, at 359*.

In 1948, Congress enacted Title 28 U.S.C. section 2255, which authorizes a motion for **federal** prisoners to "vacate, set aside or correct" their sentences. Thus, the title "28 U.S. Code 2255. **Federal custody**; remedies on motion attacking sentence". Title 28 U.S.C. section 2255(a) puts limits the on the use of this particular "remedy" for "relief" to "a prisoner in custody under sentence of a court established by Act of Congress...".

## II.
## IN CONCLUSION

**THEREFORE,** For the reasons enumerated above, and the fact that Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" *see Title 28 U.S.C. 2241(c)(3)*; and, Petitioner is "in custody under the judgment and sentence of a State court" *see Title 28 U.S.C. 2241(d)*, Title 28 U.S.C. Section 4421 is the appropriate "remedy" to seek "relief" of the non-Constitutional detainment of Petitioner is this case.

Furthermore, Petitioner moves this court to "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted" *see Title 28 U.S.C. 2243*.

Executed Honorably On:   March 24, 2019.

BY: *[signature]*

**Bruce Doucette,**   *15 USC 7001(a)(1-2)*
BRUCE ALLEN DOUCETTE 180736
Crowley County Correctional Facility,
6564 Highway 96,
Olney Springs, CO 81062