IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00566-GPG

BRUCE ALLEN DOUCETTE,

    Applicant,

v.

BARRY GOODRICH, Warden,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

    Applicant Bruce Allen Doucette is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. This habeas corpus action commenced and the filing fee was paid on February 26, 2019 (ECF No. 1)[1]. After entry of Court Orders directing that Applicant must sign his own pleadings and cannot be represented by a non-attorney (ECF Nos. 3, 7), on April 11, 2019, Applicant filed an Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 12), which is the operative pleading.

    In the Amended Petition, which is not on this Court's current approved form, it appears that Applicant challenges the constitutionality of his conviction because he was denied the assistance of counsel. (*See* ECF No. 12). In an attached "Memorandum," Applicant alleges he was tried before a jury on February 27, 2018, without the assistance of counsel, despite his request for representation. (*See* ECF No. 12-1 at 2).

---

[1] "(ECF No. 1)" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic filing system (CM/ECF). The court uses this convention throughout its orders.

1

Thus, Applicant alleges his imprisonment is unconstitutional. (*Id.* at 8).

The Court must construe Applicant's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated herein, the Court directs Applicant to file a Second Amended Application on the current Court-approved form that complies with the principles set forth below.

The Amended Application fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Because Applicant alleges that his state criminal conviction and sentence are unconstitutional and his imprisonment unlawful, it appears that Applicant seeks relief under **28 U.S.C. § 2254**, not § 2241. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475,

2

484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). Thus, if Applicant challenges the legality of a state conviction, he must submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) ("If construed as a § 2254 petition, the action should have been filed in the district in which [applicant] was convicted and sentenced . . .").

Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Applicant must identify the federal constitutional right allegedly violated in each claim he is asserting and he must provide the relevant factual allegations from his situation in support of each asserted claim. Habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas [applicants] plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). The only proper

relief in a habeas corpus action is immediate or speedier release from custody. *See id.* at 500 (in a writ of habeas corpus, the applicant seeks a determination that he is entitled to immediate release or a speedier release from imprisonment).

**In the Second Amended Application, Applicant must use the current Court-approved form, and he must identify the specific federal constitutional claims he is asserting, provide specific factual allegations in support of each asserted claim, and set forth a coherent request for relief. Applicant must set forth his claims and allegations in one document, and he must complete all sections of the form Application.**

The Court warns Applicant that, pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been fairly presented to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Accordingly, it is

ORDERED that **within thirty (30) days from the date of this Order,** Applicant must file a Second Amended Application that complies with this Order. It is

FURTHER ORDERED that Applicant must obtain and utilize the current Court-approved form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §

2254 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that if Applicant fails to file a Second Amended Application as directed within the time allowed, the action may be dismissed without further notice.   It is

FURTHER ORDERED that the Clerk of Court is directed to mail to Applicant, with a copy of this Order, one blank copy of the current Court-approved form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and accompanying instructions.   It is

FURTHER ORDERED that the Applications to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (ECF Nos. 9, 13) are DENIED as moot because the filing fee has been paid (*see* ECF No. 1).   It is

FURTHER ORDERED that the requests for appointment of counsel and for an evidentiary hearing (ECF Nos. 15, 16) are DENIED WITHOUT PREJUDICE as premature.   Applicant must comply with this Order Directing Applicant to File Second Amended Application.   It is

FURTHER ORDERED that the Clerk of Court is directed to correct Applicant's inmate number on the docket to #180736.

DATED April 12, 2019, at Grand Junction, Colorado.

BY THE COURT:

 s/ Gordon P. Gallagher
United States Magistrate Judge