# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 19-cv-00566-LTB-GPG

BRUCE ALLEN DOUCETTE,

    Applicant,

v.

BARRY GOODRICH, Warden,

    Respondent.

## RECOMMENDATION REGARDING DISMISSAL

This matter comes before the Court on Applicant Bruce Allen Doucette's Second Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 18).[1] The matter has been referred to this Magistrate Judge for recommendation (ECF No. 22)[2].

---

[1] "(ECF No. ___)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Court must construe Applicant's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520- 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the case file and the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Second Amended Petition be denied and dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

### I.  Factual and Procedural Background

Applicant is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. This habeas corpus action commenced and the filing fee was paid on February 26, 2019 (ECF No. 1). After entry of Court Orders directing that Applicant must sign his own pleadings and cannot be represented by a non-attorney (ECF Nos. 3, 7), Applicant filed an Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 12). At the Court's direction (ECF No. 17), Applicant filed the Second Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 18), which is the operative pleading.

In the Second Amended Petition, Applicant alleges a state court judge denied him the assistance of counsel in violation of the U.S. Constitution, Colorado Constitution, and "treaties regarding internation[al] law." (ECF No. 18 at 6). As relief, he requests that the Court enter an order directing the respondent to show cause as to why the writ should not be granted. (*Id.* at 7).

Due to legal deficiencies in the Second Amended Petition, on May 29, 2019, the Court entered an Order Directing Applicant to File Third Amended Application (ECF No. 20). In the Order, the Court identified legal deficiencies in the Second Amended Petition. The Court provided Applicant with thirty days to file an amended pleading and warned that his failure to do so could result in the dismissal of this action without further notice. To date, Applicant has not filed an amended pleading or requested an extension of time to do so. Thus, the Second Amended Petition (ECF No. 18) remains as the operative pleading.

For the reasons set forth in the Order (ECF No. 20) and herein, this Magistrate Judge recommends that the Second Amended Petition (ECF No. 18) be dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

**II.     Legal Standard**

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Applicant must identify the federal constitutional right allegedly violated in each claim he is asserting and he must provide the relevant factual allegations from his situation in support of each asserted claim. Habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas [applicants] plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). The only proper relief in a habeas corpus action is immediate or speedier release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

The Second Amended Petition (ECF No. 18) does not comply with the pleading requirements for habeas corpus claims, as it does not provide factual allegations in support of Applicant's claim that his constitutional right to assistance of counsel was violated. It is unclear whether Applicant challenges a state criminal conviction or if a state criminal proceeding is ongoing. Applicant's request for relief likewise is unclear.

4

Therefore, for the reasons in the Order (ECF No. 20) and set forth herein, this Magistrate Judge recommends that the Second Amended Petition be denied and dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

**III.    Recommendation**

Accordingly, this Magistrate Judge respectfully

RECOMMENDS that the Second Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 18) and this action be DENIED and DISMISSED WITHOUT PREJUDICE for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

DATED at Grand Junction, Colorado, this 22nd day of July, 2019.

BY THE COURT:

---
Gordon P. Gallagher
United States Magistrate Judge